**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-1473**

---

JOHN WEBB; MARSHA BRYAN,

　　　　　Plaintiffs - Appellees,

　　　v.

CMH HOMES, INC., d/b/a Clayton Homes,

　　　　　Defendant - Appellant,

　　and

VANDERBILT MORTGAGE AND FINANCE, INC.; HOMEFIRST AGENCY, INC.,

　　　　　Defendants.

---

**No. 21-1474**

---

JOHN WEBB; MARSHA BRYAN,

　　　　　Plaintiffs - Appellees,

　　　v.

VANDERBILT MORTGAGE AND FINANCE, INC.; HOMEFIRST AGANCY, INC.,

　　　　　Defendants - Appellants,

　　and

CMH HOMES, INC., d/b/a Clayton Homes,

        Defendant.

———————————

Appeals from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:20-cv-00214)

———————————

Submitted:  July 27, 2022                            Decided:  August 19, 2022

———————————

Before MOTZ, KING, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** W. Scott Simpson, SIMPSON, MCMAHAN, GLICK & BURFORD, PLLC, Hoover, Alabama; Carrie G. Fenwick, Lucas R. White, GOODWIN & GOODWIN, LLP, Charleston, West Virginia, for Appellants.  Benjamin M. Sheridan, Jed R. Nolan, KLEIN & SHERIDAN, LC, Hurricane, West Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After purchasing an allegedly defective mobile home, John Webb and Marsha Bryan ("Plaintiffs") commenced this action against the seller, CMH Homes, Inc. ("CMH"). Following mediation, the parties agreed to settle claims relating to the construction of the home. However, claims arising out of Plaintiffs' mortgage loan survived the settlement agreement.

Plaintiffs then amended their complaint, naming three defendants: the seller, CMH; the lender, Vanderbilt Mortgage and Finance, Inc.; and the home insurance provider, Homefirst Agency, Inc. (collectively, "Defendants"). Among other claims, Plaintiffs alleged: unfair and deceptive acts and practices (Count I), in violation of W. Va. Code Ann. § 46A-6-104; fraudulent inducement (Count II); and unconscionability (Count III). In response, Defendants moved to stay the litigation and compel arbitration, asserting that many of Plaintiffs' claims were covered by an arbitration agreement that Plaintiffs had signed at the time of purchase. The district court denied the motion, and Defendants noted this appeal.[*]

We have jurisdiction over this interlocutory appeal pursuant to 9 U.S.C. § 16(a)(1). *See Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 696 (4th Cir. 2012). "We review the decision to deny a motion for stay and to compel arbitration de novo."

---

[*] The district court also denied Defendants' motion to dismiss—a decision that Defendants do not seek to appeal at this time.

3

*Rowland v. Sandy Morris Fin. & Est. Plan. Servs., LLC*, 993 F.3d 253, 257 (4th Cir. 2021) (cleaned up).

Initially, Defendants claim that the district court reversibly erred both by neglecting to determine the validity of the arbitration agreement and by misconstruing the agreement's scope. At this point, however, both sides clearly agree that the arbitration agreement is valid, is enforceable, and essentially covers all disputes except those arising out of the loan agreement. So, in our view, this appeal actually hinges on the scope of the claims asserted in the amended complaint.

On this issue, Defendants insist that Counts I, II, and III seek recovery for defects relating to the home's construction, noting the amended complaint's many allegations addressed to deficiencies in the mobile home. So, according to Defendants, these construction-based claims must be sent to arbitration. In response, Plaintiffs assert—and the district court held—that they are not attempting to relitigate the already-settled issues regarding defects in the home. Rather, Plaintiffs maintain that it was necessary to include details of the home's faulty construction in order to support and provide context for the claims pertaining to the loan agreement. We agree.

The claims arising out of the loan agreement are based in part on the theory that Defendants duped Plaintiffs into financing the purchase of a defective product. So, to plead these claims, Plaintiffs had to allege facts concerning the mobile home's faulty construction. Otherwise, Plaintiffs' theory falls apart, since the absence of such allegations would undermine Plaintiffs' ability to demonstrate the types of fraud and unfair dealing contemplated by Counts I, II, and III. *See* W. Va. Code Ann. § 46A-6-102(7) (listing

4

examples of unfair and deceptive acts and practices, including falsely representing age or quality of goods); *Nationstar Mortg., LLC v. West*, 785 S.E.2d 634, 638 (W. Va. 2016) (defining unconscionability to include "unfairness in the bargaining process and formation of the contract" that prevented "a real and voluntary meeting of the minds of the parties" when "considering all the circumstances surrounding the transaction" (citation omitted)); *Traders Bank v. Dils*, 704 S.E.2d 691, 696 (W. Va. 2010) ("The critical element of a fraudulent inducement claim is an oral promise that is used as an improper enticement to the consummation of another agreement."). At bottom, we reject Defendants' effort to equate Plaintiffs' discussion of the mobile home's flaws with an attempt to plead and recover on construction-based claims.

Accordingly, we affirm the district court's decision to deny Defendants' motion for a stay and to compel arbitration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5